CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/23/2018
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RODNEY HUBBARD, *ET AL.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ANDREW HOLMES, *ET AL.*, <br><br> *Defendants*. | CASE NO. 3:16–cv–00018 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This case concerns a traffic stop of Rodney Hubbard and his mother Samantha Hubbard, the Plaintiffs. They allege Andrew Holmes, one of the Defendants, stopped their car and engaged in an extended search because they are African-American. Defendants moved to dismiss the case, and Plaintiffs responded by filing their first amended complaint. (Dkt. 15). Defendants then filed a second motion to dismiss. Judge Conrad granted the motion in part on November 17, 2016, dismissing the first four counts as insufficiently pled, but allowing the fifth count to survive. (Dkt. 23).[1] The surviving count alleges a denial of equal protection, based on Defendants' alleged racially selective enforcement of the law.

Fifteen months later, Plaintiffs moved to amend their complaint again to remedy some of the problems been identified by Judge Conrad. (Dkt. 32). That motion is now before the Court. Defendants oppose the motion, arguing the new allegations still do not state a claim and reintroduction of these claims would prejudice Defendants. The Court finds the amendment

---

[1] The case started in state court, was removed to this Court, and was transferred from Judge Conrad to myself. (*See* dkts. 1, 30). Count One alleged the stop was an unlawful seizure in violation of the Fourth and Fourteenth Amendments. Count Two alleged the stop, and in particular the use of handcuffs, involved an excessive use of force in violation of the Fourth and Fourteenth Amendments. Counts Three and Four alleged the warrantless searches of their persons and vehicle violated the Fourth and Fourteenth Amendments because there was no reason to believe Plaintiffs were armed and dangerous or that there was evidence of a crime in the vehicle.

would prejudice Defendants and would require changes to the scheduling framework established by Judge Conrad, and so the motion will be denied.

## I.  LEGAL STANDARD

A party's freedom to amend their pleadings evolves over the lifecycle of a case. At the beginning, parties may amend "as a matter of course." Fed. R. Civ. P. 15(a)(1). And even after the time frame anticipated by Rule 15(a)(1) has passed, leave to amend a pleading should be freely given "when justice so requires." *Id.* at 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). The Fourth Circuit has interpreted this to mean "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (emphasis in original, internal quotations omitted). But the longer parties delay, the more likely the proposed amendment will prejudice the nonmovant. *See Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 604 (4th Cir. 2010) ("We find compelling the court's analysis that the amendment—coming so belatedly—would change the nature of the litigation and, would therefore, prejudice Niles Bolton."). And so "[b]elated claims which change the character of litigation are not favored." *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987).

However, when a belated amendment would require a court to modify the existing scheduling order, the court's evaluation of the proposed amendment changes in kind. This is because "Rule 16(b) provides that 'a schedule shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (discussing the tension between Rule 15 and Rule 16). "[A]fter the deadlines

provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Id.*

## II. ANALYSIS

Plaintiffs' motion to amend was filed before the deadline established by Judge Conrad, (dkt. 29 at ¶ 12), and so this analysis begins with Rule 15(a)(2). Under that rule, the three primary questions for this Court are whether Plaintiffs acted with bad faith, amendment would be futile, or Defendants would be prejudiced. *Balas*, 711 F.3d at 409. There is no evidence of bad faith before the Court, and so that potential bar to amendment is summarily dispensed. The Court moves on to the second two questions, before independently addressing concerns arising under Rule 16(b)(4).

Defendants first argue the proposed counts would be futile. However, in so arguing, Defendants primarily attempt to rebut the allegations with evidence adduced through discovery. (Dkt. 34 at 3–5). But the futility inquiry concerns whether the allegations themselves would state a claim, not whether they may eventually prove unfounded or whether Defendants may possess valid defenses. *See Balas*, 711 F.3d at 410. Accordingly, the Court assumes the amendments would not be futile, and instead focuses on whether Defendants would be prejudiced by amendment.

The Court finds amendment at this stage would prejudice Defendants. "Whether an amendment is prejudicial will often be determined by the nature of the amendment *and its timing*." *Laber*, 438 F.3d at 427 (emphasis added). "A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Id.* (internal alterations, citations, and quotation marks omitted). This is the situation now before the

Court.  *See also Equal Rights Ctr.*, 602 F.3d at 603–04 (4th Cir. 2010) ("[T]he district court held that the addition of a contribution claim after the close of a three-year long discovery process and on the eve of the deadline for dispositive motions would have required it to reopen discovery and thereby prejudice Niles Bolton. . . . We hold that the district court did not abuse its discretion in finding the proposed amendment would be unduly prejudicial to Niles Bolton.").

Most problematically here, Defendants have not had an opportunity to interrogate Plaintiffs' new allegations through discovery and would not be able to seek summary judgment on those claims without an amendment of the Court's scheduling order.  In the proposed amended complaint, Plaintiffs allege Defendant Holmes told them he pulled them over because he found it suspicious that Plaintiffs had slowed when they passed him.  (Dkt. 32-1 at ¶ 6). Plaintiffs deny they were speeding.  (*Id.* at ¶ 7).  Plaintiffs also allege Defendant Holmes asserted he smelled marijuana in the vehicle.  (*Id.* at ¶ 8).  Plaintiffs deny there was any smell of marijuana in the vehicle.  (*Id.* at ¶ 9).  Plaintiffs allege Defendant Holmes put handcuffs on Plaintiff Rodney Hubbard, although Plaintiff had no bulges on his person suggesting possession of a weapon.  (*Id.* at ¶ 11).  Each of these facts would be relevant to the new claims.  Each of these facts would also have been available to Plaintiffs both when they filed the first amended complaint and during the fifteen months that passed after Judge Conrad's motion to dismiss opinion, but Plaintiffs made no allegations about whether they were in fact speeding or whether their car smelled liked marijuana in the original complaint.

Any reasonable litigant in Defendants' position would have sought to delve more deeply into the newly-alleged facts.  For example, the complaint alleges "Plaintiff had not exceeded the speed limit." (Dkt. 32-1 at ¶ 7).  But Defendants represent they "did not pursue discovery related to whether Officer Holmes' stop of Plaintiffs was constitutional under the Fourth Amendment

because Fourth Amendment claims did not exist at the time of discovery." (Dkt. 34 at 8). While Defendant Holmes did already provide deposition testimony about when and where he believed Plaintiffs were speeding, it is certainly true that evidence about if and when Plaintiffs were speeding becomes more important with the proposed Fourth Amendment claim. The basis for new Plaintiffs' new denial of any speeding would be central to any determination of whether Defendant Holmes had probable cause.

Likewise, Defendants state they would hire an expert to defend these new claims. While expert testimony may be unnecessary for some parts of Defendants' case, this Court has previously admitted experts to testify about whether law enforcement practices conformed to best practices in excessive force claims. *See, e.g., Wyatt v. Owens*, 317 F.R.D. 535, 543 (W.D. Va. 2016) (allowing expert testimony on excessive force claims), *reconsideration denied*, No. 7:14-CV-00492, 2016 WL 6651410 (W.D. Va. Nov. 10, 2016). Similar testimony may be admissible here.

Plaintiffs respond by arguing the stop remains at the center of all the claims, and so there are "no 'new' facts to explore." (Dkt. 33 at 2). But even if the same events are at the center of both claims, the new claims make different aspects of those events more relevant. The primary problem here is Plaintiffs' belated motion to amend removes Defendants' ability to investigate their case as they see fit. Defendants would be prejudiced by being forced to defend claims they did not have the opportunity to explore through discovery.

These concerns could only be cured by reopening discovery and changing the deadlines for summary judgment briefing, which leads to the interests safeguarded by Rule 16(b)(4). That rule states: "A schedule may be modified only for good cause and with the judge's consent." Judge Conrad's scheduling order provided "[a]ny motion . . . to amend the pleadings must be

filed prior to the cutoff day for discovery." (Dkt. 29 at ¶ 12). Plaintiffs filed their motion three weeks before discovery closed, satisfying this order. However, briefing on this motion did not conclude until March 16, 2018, the last day of discovery. The deadline for filing summary judgment motions, March 22, 2018, has also now passed, with Defendants filing their motion seeking judgment on the remaining claim. So allowing amendment now would require the modification of Judge Conrad's scheduling order, something not to be done except "for good cause." Plaintiffs have not explained why they waited fifteen months to allege new facts and add new claims.

\* \* \*

Discovery is closed, the deadline for dispositive motions approaches, and trial is less than a month and a half away. The Court finds that allowing an amendment at this late hour would prejudice Defendants. The motion for leave to amend will be denied. An appropriate order will issue. The Clerk of Court is requested to send a copy of this Opinion and the accompanying Order to the parties.

Entered this 23rd day of March, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE