IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BIANCA JOHNSON, et al.,<br>    Plaintiffs, | ) )<br>) | Civil Action No. 3:16cv00016 |
| v. | )<br>) | ORDER |
| ANDREW HOLMES,<br>    Defendant. | )<br>)<br>) | By:    Joel C. Hoppe<br>         United States Magistrate Judge |
| LEON POLK, et al.,<br>    Plaintiffs, | )<br>)<br>) | Civil Action No. 3:16cv00017 |
| v. | )<br>) | ORDER |
| ANDREW HOLMES, et al.<br>    Defendants. | )<br>)<br>) | By:    Joel C. Hoppe<br>         United States Magistrate Judge |
| RODNEY HUBBARD, et al.,<br>    Plaintiffs, | )<br>)<br>) | Civil Action No. 3:16cv00018 |
| v. | )<br>) | ORDER |
| ANDREW HOLMES, et al.<br>    Defendants. | )<br>)<br>) | By:    Joel C. Hoppe<br>         United States Magistrate Judge |
| CORY GRADY,<br>    Plaintiffs, | )<br>)<br>) | Civil Action No. 3:17cv00062 |
| v. | )<br>) | ORDER |
| ANDREW HOLMES,<br>    Defendant. | )<br>)<br>) | By:    Joel C. Hoppe<br>         United States Magistrate Judge |
| SERGIO HARRIS,<br>    Plaintiffs, | )<br>)<br>) | Civil Action No. 3:17cv00079 |
| v. | )<br>) | ORDER |
| ANDREW HOLMES, et al.<br>    Defendants. | )<br>)<br>) | By:    Joel C. Hoppe<br>         United States Magistrate Judge |

This matter is before the Court in these consolidated cases on Defendants' Motion for Entry of Scheduling Order, *Johnson v. Holmes*, No. 3:16cv16 (W.D. Va.), ECF No. 165, and Defendants' Motion to Reopen Discovery, *Hubbard v. Holmes*, No. 3:16cv18 (W.D. Va.), ECF No. 59. On March 29, 2022, the Court

2

held a hearing, and the parties appeared by counsel. Having considered the parties written submissions and arguments at the hearing, the Court finds good cause to modify the schedule of these consolidated cases and GRANTS Defendants' motions for the reasons stated on the record.

The Court DIRECTS the parties to adhere to the following schedule:

| | |
|---|---|
| Defendants' Initial Expert Disclosure | April 28, 2022 |
| Plaintiffs' Initial Expert Disclosure | May 27, 2022 |
| Deadline to Complete Discovery | 90 days before trial |
| Deadline to File Dispositive Motions or Motions to Exclude Expert Testimony | 75 days before trial |
| Deadline for Hearing Dispositive Motions | 45 days before trial |
| Jury Trial | September 12–16, 2022 |

## Trial and Settlement

1. This case is set for a jury trial.

2. Proposed jury instructions and special interrogatories must be filed with the clerk of the court at least 7 days prior to trial, with copies provided to opposing counsel.

3. Motions in limine must be filed with the clerk of court at least 14 days prior to trial, with copies provided to opposing counsel. Opposition briefs to any motion in limine must be filed with the clerk of the court at least 7 days prior to trial.

4. If the case settles before trial and the court does not receive a proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice.

## Motions

5. All dispositive motions must be filed no later than 75 days before trial and must be heard or submitted for decision no later than 45 days before trial. If the parties agree that a

3

dispositive motion is appropriate for decision without oral argument they must file a stipulation no later than 45 days before trial stating that the motion is ripe for decision.

6. A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed. If a motion that is not unopposed has been filed before this order without legal argument to support it, the movant must file a supporting brief within 14 days of the date of this order or the motion will be dismissed.

7. If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within 14 days of the date of service of the movant's brief (or within 14 days of this order if a motion and supporting brief were served before this order). Except for good cause shown , if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed. If a moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion. A surreply brief may not be filed without prior leave of the court.

8. Exclusive of any accompanying exhibits, a brief may not exceed 25 pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

9. When a dispositive motion, together with its supporting brief and exhibits (or any other brief combined with exhibits), consists of 50 or more pages, the filing party must send a paper courtesy copy of the documents to the chambers of the presiding District Judge at 1101 Court Street, Room 390, Lynchburg, VA 24504.

10. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of W.D. Va. Gen. R. 9. The requirements of Rule 9 may not be modified by a stipulated protective order or other agreement of the parties. *See* W.D. Va. Gen. R. 9(g).

11. If any party desires a hearing on any dispositive or nondispositive motion, then no later than 14 days after the filing of the last brief on the motion, that party must contact Heidi Wheeler, scheduling clerk, to set a hearing date. If no hearing on the motion is necessary, the moving party must file a notice that the motion is ripe for decision, no later than 14 days after the filing of the last brief on the motion. In any event, if within 45 days of the filing of any dispositive or nondispositive pretrial motion, no party has scheduled the motion for hearing or advised the court that the motion is ripe for decision, the court may deny the motion with or without prejudice.

12. Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation or modification.

13. All nondispositive pretrial motions and issues, including any requested changes in this order, are hereby referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1)(A).

## Discovery

14. All discovery must be completed at least 90 days prior to trial. This schedule requires that written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

15. Except for disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties **must** file, the parties are not to file discovery and disclosure material unless and until actually used in the proceeding.

## Expert Witnesses

16. Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the defendants must submit the written report of each expert not later than April 28, 2022, and the plaintiffs

6

must submit the written report of each expert no later than May 27, 2022. Supplemental and additional reports may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

17. With respect to expert witnesses who are not retained or specially employed to provide expert testimony or whose duties as an employee of the party do not regularly involve giving expert testimony, such as a treating physician or clinician, the plaintiff must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than April 28, 2022, and the defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than May 27, 2022. Supplemental and additional disclosures may be thereafter submitted, if submitted "in sufficient time" that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

18. Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

19. The parties shall exchange lists of the witnesses they expect to call at trial no later than 21 days prior to trial. For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

## Mediation

20. At the request of any party, the court will refer the case to the magistrate judge to conduct mediation.

## Integrated Pretrial Order

21. No later than 7 days before trial the parties shall jointly file a proposed pretrial order briefly summarizing the following:

- any contested issues of law that require a ruling before trial;
- the essential elements that a party must prove to establish any meritorious claims remaining for adjudication, and the damages or other relief sought;
- the essential elements that a party must prove to establish any meritorious defenses;
- the material facts and theories of liability or defense;
- the issues of fact contested by each party;
- any contested issues of law that do not require a ruling before trial;
- any stipulations; and
- any special voir dire questions.

For those items, if any, on which the parties are unable to agree, each party shall briefly summarize its position in a separately filed addendum to the joint proposed pretrial order.

It is so ORDERED.

ENTERED: March 29, 2022

Joel C. Hoppe
United States Magistrate Judge